*E-Filed 11/17/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ALFONSO ESQUEDA,

    Petitioner,

v.

GREG MUNKS, Sheriff, San Mateo County,

    Respondent.

No. C 10-01787 RS

**ORDER TO SHOW CAUSE**

## I. INTRODUCTION

Petitioner Alfonso Esqueda filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. At the time of filing his petition, Esqueda was on bail pending completion of his sentence imposed by the San Mateo Superior Court. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## II. BACKGROUND

According to the petition, in 2007, a jury found petitioner guilty of brandishing a weapon. The trial court sentenced him to one year of probation to be satisfied on service of ninety days in the county jail. The California appellate court affirmed the conviction and the California Supreme Court subsequently denied the petition for review. This federal habeas petition followed.

### III.  DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner alleges: (1) erroneous jury instruction for failure to include the self-defense element; and (2) violation of his right to present a defense by the trial court's exclusion of evidence.  Liberally construed, these claims appear to be cognizable in a federal habeas action.

### IV.  CONCLUSION

1. Counsel for petitioner shall serve a copy of this Order and the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California.

2. Within ninety (90) days of receiving service of this Order, Respondent shall file an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. Petitioner shall file any traverse within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within ninety (90) days of receiving service of this Order, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file an opposition or statement of non-opposition within thirty (30) days of the date the motion

is filed, and respondent shall file any reply within fifteen (15) days of the date any opposition is filed.

IT IS SO ORDERED.

Dated: 11/17/11

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE