**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ALFONSO ESQUEDA,

               Petitioner,

   v.

GREG MUNKS, Sheriff, San Mateo County

               Respondent.

_____/

**No. C 10-01787 RS**

**ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS**

## I. INTRODUCTION

Alfonso Esqueda petitions for a writ of habeas corpus under 28 U.S.C. § 2254, from his conviction of one count of misdemeanor brandishing in California Superior Court for San Mateo County.  He argues that the writ should be granted because the California Court of Appeal's decision upholding his conviction in the Superior Court was contrary to and an unreasonable application of clearly established Supreme Court precedent in that: (1) the Superior Court's omission of  an element of the crime from the jury instructions constituted a reversible violation of his 5th Amendment right to due process secured through the 14th Amendment; and (2) the Superior Court's exclusion of evidence of his training and past experience was a prejudicial violation of his 5th Amendment guarantee of due process and 6th Amendment right to present witnesses in his favor, secured through the 14th Amendment.  For the reasons set forth below, the petition is denied.

1

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

II. BACKGROUND

This petition arises out of events that occurred when Esqueda was a Daly City police officer. Prior to joining that police department in 2005, Esqueda had spent five years in the Long Beach Police department. On the night of July 29, 2006, Esqueda was investigating the theft of a stolen vehicle he had encountered while working the graveyard shift. While questioning Melecio James Macawile, a suspect in that crime, outside of Macawile's apartment building, Esqueda drew his police weapon, a semiautomatic firearm, and pointed it at Macawile's face in the presence of fellow Daly City Officer Sean Begley. As a result of this incident, San Mateo County District Attorney charged Esqueda with felony assault with a firearm (count one), misdemeanor brandishing (count two), and two counts of felony assault under color of authority (counts three and four). After the trial in the San Mateo County Superior Court, the jury acquitted Esqueda of count four, and a mistrial was declared as to counts one and three. The jury convicted Esqueda of count two, the misdemeanor brandishing charge.

Under California Penal Code § 417(a)(2)(B), "[e]very person who, except in self defense, in the presence of any other person, draws or exhibits any firearm, whether loaded or unloaded, in a rude, angry, or threatening manner" is guilty of misdemeanor brandishing." Judicial Council of California Criminal Jury Instruction Number 983 (CALCRIM 983) is the standard jury instruction given in California state courts for misdemeanor brandishing. It instructs the jury that a defendant is guilty if he: 1) drew or exhibited a firearm in the presence of another, 2) in a rude, angry, or threatening manner, and 3) did not act in self-defense or in defense of another. The self-defense jury instruction, CALCRIM 3470, further states that a defendant acted in self-defense or defense of another if he: 1) reasonably believed that he or someone else was in imminent danger of suffering bodily injury, 2) reasonably believed that the immediate use of force was necessary to defend against that danger, and 3) the defendant used no more force than was reasonably necessary to defend against that danger.

At trial, both the prosecution and defense asked the Superior Court to instruct the jury on self-defense and defense of another. It refused. The Superior Court reasoned that because Esqueda

2

was a police officer at the time of the incident, he should not have to bear the burden of proving that affirmative defense. Instead, it ruled that the prosecution had the burden of proving beyond a reasonable doubt that Esqueda had used unreasonable or excessive force. Accordingly, the Superior Court modified CALCRIM 983, replacing the "self-defense" element with a "reasonable force" element and instructing the jurors:

> The defendant is charged in Count 2 with brandishing a firearm, in violation of Penal Code Section 417(a). To prove the defendant is guilty of this crime, the People must prove that:
>
> 1.    The defendant drew or exhibited a firearm in the immediate presence of someone else;
>
> 2.    The defendant did so in a rude, angry, or threatening manner; and
>
> 3.    The defendant is a police officer who used unreasonable or excessive force under the circumstances.

Reporter's Transcript (RT), at 1558.

The Superior Court gave the jury the following additional guidance on the meaning of reasonable force:

> A police officer may use reasonable force to arrest or detain a person, to prevent escape, or to overcome resistance when he has reasonable cause to believe that the person has committed a crime. Even if the police officer is mistaken, a person being arrested or detained has a duty not to use force to resist a police officer unless he is using unreasonable force.
>
> In deciding whether defendant used unreasonable or excessive force, you must determine the amount of force that would have appeared reasonable to a police officer in defendant's position under the same or similar circumstances.
>
> You should consider, among other factors, the following:
>
> (a)    The seriousness of the crime allegedly committed by Macawile;
>
> (b)    Whether Macawile reasonably appeared to pose an immediate threat to the safety of defendant or others; and
>
> (c)    Whether Macawile was actively resisting arrest or attempting to evade arrest.
>
> A police officer may not use unreasonable force or excessive force.
>
> In deciding whether defendant used excessive or unreasonable force, you must determine whether defendant's actions were objectively reasonable in light

No. C 10-01787 RS
ORDER DENYING HABEAS PETITION

United States District Court
For the Northern District of California

of the facts and circumstances confronting the defendant, from the perspective of a reasonable officer on the scene, without regard to the officer's subjective motivation for using force.

The reasonableness of the particular use of force must be judged from the perspective of a reasonable office[r] on the scene rather than with the 20/20 vision of hindsight.

An officer may use reasonable force to prevent escape or overcome resistance, but his conduct becomes unlawful when he uses excessive force.

RT 1556-57.

Esqueda also sought to introduce at trial evidence of his training and past experience with other police matters in both Long Beach and Daly City. Reasoning that the relevant question was whether the force Esqueda had used was excessive from the perspective of a reasonable officer under the circumstances, the Superior Court determined that such evidence was irrelevant. Nonetheless, Esqueda was permitted to testify regarding "his thoughts and knowledge of danger under the specific facts and circumstances" and whether "he had fear for safety or he believed the person could be dangerous." Trial Transcript at 1065. A defense expert was also allowed to testify about whether Esqueda's use of force was reasonable.

After Esqueda was convicted on the misdemeanor brandishing charge, his motion for a new trial was denied. The Court of Appeal later concluded that the Superior Court's instruction correctly stated the law and that evidence of Esqueda's prior experience was properly excluded. Esqueda's timely-filed petition for review in the California Supreme Court was denied.

III. LEGAL STANDARD

A petition for a writ of habeas corpus may be brought "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S .C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless that adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable

---

[1] Esqueda was sentenced on April 3, 2008, to one year of court probation to be satisfied upon service of ninety days in the county jail. On the day his habeas petition was filed in this Court, Esqueda was on bail pending completion of his sentence. He therefore meets the custody requirements of 28 U.S .C. § 2254(a); *see also Jones v. Cunningham*, 371 U.S. 236, 241-43 (1963); *Carafas v. LaVallee*, 391 U.S. 234, 239-40 (1968).

4

United States District Court
For the Northern District of California

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

 "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.  An unreasonable application of federal law differs from an incorrect application of federal law.  *See Harrington v. Richter*, 131 S. Ct. 770, 785 (2011).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Terry*, 529 U.S. at 411.  A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.  Thus, habeas corpus is "not a substitute for ordinary error correction through appeal." *Id.* at 786.  Instead, the "highly deferential standard" imposed by the statute, "demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

## IV. DISCUSSION

A.  Jury Instruction

Esqueda argues that by omitting the self-defense element from the jury instruction on misdemeanor brandishing, the Superior Court violated his constitutional right to due process by convicting him of a crime without requiring each element of the offense to be proven beyond a reasonable doubt.  "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is

5

charged." *See In re Winship*, 397 U.S. 359, 364 (1970); *see also U.S. v. Gaudin*, 515 U.S. 506, 519 (1995) (holding "the Fifth and Sixth Amendments require conviction by a jury of *all* elements of the crime."). Respondent contends that California permits a reasonable force element to be substituted for a self-defense element when a police officer is on trial for a crime in which the absence of self defense would otherwise be an element, and therefore the jury did convict Esqueda of all of the elements of the crime as defined by state law.

In California, the statutory definition of brandishing is written such that self defense is not simply an affirmative defense, rather the absence of self defense is an express element of the crime such that the prosecution must prove it beyond a reasonable doubt. *See* Cal. Penal Code § 417(a)(2) ("Every person who, except in self-defense . . ."). At Esqueda's trial, the jury was not explicitly instructed on this self-defense element. Petitioner argues that this failure constituted constitutional error, under the Supreme Court's holding in *Winship*.[2] The Superior Court did not, however, simply remove the self-defense instruction, but substituted an excessive force instruction in its place. Petitioner argues that, in doing so, the Superior Court was half right—he contends that the prosecution needed to prove both excessive force *and* self defense in order to convict him of misdemeanor brandishing given that the alleged crime occurred during the course of his official duties as a police officer.

As part of Esqueda's direct appeal of his conviction, the state Court of Appeal considered *de novo* whether the jury instruction given by the Superior Court correctly stated California state law. *See People v. Esqueda*, 2009 WL 2005259 at *6 (Cal. App. July 10, 2009). It noted, "[i]n Esqueda's case, the person charged was not a civilian but a law enforcement official acting in the course of his public duties." The Court of Appeal proceeded to point to California Penal Code § 835a, which codifies that "a peace officer has a right to use reasonable force to make an arrest, prevent escape or

---

[2] Peitioner additionally argues that the Superior Court erred by holding that self defense is an affirmative defense, whereas the California legislature has determined that a lack of self defense is an element of misdemeanor brandishing, such that the burden of proof is on the prosecution rather than the defense. This argument lacks merit as the Court of Appeal confirmed that the Superior Court's instructions properly put the burden on "the People [to] establish that the officer used unreasonable force," in accordance with *Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1272-73 (1998), and did not place any burden of proof on Esqueda.

6

**United States District Court**
For the Northern District of California

overcome resistance." *Esqueda*, 2009 WL 2005259 at *6.  This statute makes explicit that under California law, an officer does not "lose his right to self-defense by the use of reasonable force." Cal. Penal Code § 835a.  The Court of Appeal continued:

> Unlike a private citizen, a police officer acts under color of law to protect the public interest. The officer must act affirmatively and may use force as a part of his or her duties, because the right to detain someone necessarily carries with it the right to use some degree of actual or threatened physical coercion to effect the detention. As a law enforcement officer is not similarly situated to an ordinary citizen, the officer need not be treated the same as a civilian. A police officer who exercises the privilege of protecting the public peace is entitled to use greater force than might be allowed to a citizen acting in self-defense in the same circumstances.

*Esqueda*, 2009 WL 2005259 at *6 (internal citations to *Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1272-73 (1998), omitted).

In so reasoning, the Court of Appeal repeatedly relied on *Edson v. City of Anaheim*, a case in which an officer was sued for civil battery after a fatal shooting.  *Esqueda*, 2009 WL 2005259 at *6 n.12 (noting that *Edson*, 63 Cal. App. 4th 1269, has been cited with approval by the California Supreme Court).  *Edson* held that in such an action, the burden is on the plaintiff to prove unreasonable force as part of his or her cause of action, rather than on the defendant to prove reasonable force as an affirmative defense.  63 Cal. App. 4th at 1272.  It reasoned that such a rule "takes into account the special situation of the police defendant" who is "not similarly situated to the [civilian] defendant and need not be treated the same." *Id.* at 1273. The result was animated by a desire to "give[] the police appropriate maneuvering room in which to make such judgment free from the need to justify every action in a court of law." *Id.*

In Esqueda's case, the Court of Appeal interpreted *Edson* as "mak[ing] clear[] that a police officer has a greater right to draw or exhibit a firearm than a civilian acting in self-defense or in defense of others would have." 2009 WL 2005259 at *7.  The Court of Appeal did not find the Superior Court's jury instructions lacking:

> Considering the implications of this right on the misdemeanor brandishing charge against Esqueda, the trial court reasoned that as long as he used reasonable force, then he acted within his rights, even if that use of force was greater than that which a civilian could use in self-defense. If the brandishing charge allowed him only an affirmative defense of self-defense or defense of others, it would improperly deny him his right to use greater, reasonable force. We agree with the

7

1  |  trial court that a brandishing charge against a peace officer has not been proven unless the People establish that the officer used unreasonable force. Unless the People prove that unnecessary force was used, courts will protect the officer from punishment.

3  *Id.* (internal citations to *Edson v. City of Anaheim*, 63 Cal. App. 4th at 1273-74, omitted).   The

4  Court of Appeal held that the Superior Court met its "obligation [] to state the law correctly when

5  instructing the jury" because "[i]n this matter, the citizen's normal defense of self-defense was, in

6  effect, subsumed within Esqueda's right to use reasonable force."  *Id.*   It "was satisfied that in

7  adapting the standard jury instructions on the misdemeanor brandishing charge to reflect Esqueda's

8  peace officer status, the trial court met its obligation to provide complete, correct instructions to the

9  jury," concluding, "[n]o instructional error occurred and Esqueda's due process rights were

10  protected."  *Id.*

11  Petitioner's insistence that the Superior Court committed *Winship* error ignores the Court of

12  Appeal's determination that it did not.  The Court of Appeal's "determination that a claim lacks

13  merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

14  correctness of the state court's decision."  *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).  The

15  Supreme Court has "repeatedly held that a state court's interpretation of state law, including one

16  announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas

17  corpus."  *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).  Although fairminded jurists could disagree

18  with the Court of Appeal's conclusion that, under California State law, the element of self defense

19  is subsumed within an officer's right to use reasonable force, and need not be proven separately,

20  this federal court must defer to that state court's interpretation of the elements of the crime of

21  misdemeanor brandishing under state law.  The Court of Appeal's determination was not

22  unreasonable, especially in light of the fact that the California Penal Code's authorization of the use

23  of reasonable force by police officers defines reasonable force as including the right to self defense

24  through the use of such force.  *See* Cal. Penal Code § 835a.  Given that no constitutional error

25  occurred, it is not necessary to evaluate whether any alleged error would have been harmless.  *Cf.*

26  *Payton v. Woodford*, 346 F.3d 1204, 1216 (9th Cir. 2003).

27

28

United States District Court
For the Northern District of California

B.  Exclusion of Evidence

Esqueda's second argument for habeas relief is intimately intertwined with his first.  He contends that the Superior Court's exclusion of evidence of his training and past experience as a Long Beach police officer violated his federal due process rights to present his defense.  "Few rights are more fundamental than that of an accused to present witnesses in his own defense." *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973).  Esqueda was permitted to, and did, testify in his own defense, but his requests to include in the scope of his testimony his "background, training, and experience that he's had as a law enforcement officer at Long Beach" were denied.  RT 185. Specifically, "[t]he offer of proof from the defense was that on a prior occasion or on several prior occasions, there was either a failure of Officer Esqueda to do an appropriate search or somebody was able to get away from him in the past after sucker punching him."  RT 188.  The defense argued that, "as a result, those things were in Officer Esqueda's mind at the time of the offense." *Id.* Esqueda was permitted to testify as to his training and experience in Daly City, but this evidence was excluded with respect to his prior work in Long Beach as unduly prejudicial and irrelevant.

The Superior Court held "[w]hat he thought is irrelevant.  It's an objective standard, and it's a general intent crime.  He can talk about what are the circumstances before he pulled the gun. That's what the case law says.  But he can't say, based upon my training and experience."  RT 765. It concluded, "he can testify of his thoughts and knowledge of danger under the specific facts and circumstances, and that he had fear for safety or he believed the person could be dangerous.  But that is not the same as testifying about his training and experience." *Id.* at 1065.  The Superior Court's understanding that Esqueda's "subjective thoughts, his substantive intent and his subjective decisionmaking, is irrelevant" was based on its decision that the prosecution was required to prove that the officer used unreasonable force.

Esqueda's argument that his subjective viewpoint was relevant is tied to his position that the prosecution should also have been required to prove that he did not act in self-defense.  Under California law, "[a]lthough the belief in the need to defend must be objectively reasonable, a jury

9

must consider what would appear to be necessary to a reasonable person in a similar situation and with similar knowledge." *People v. Jefferson*, 119 Cal. App. 4th 508, 518 (2004). Esqueda argues that his prior training in Long Beach, and specifically his experience working as an officer for several years in a high crime department there, was relevant to his subjective viewpoint at the time he pointed his weapon at Macawile. Although Esqueda insists repeatedly that California's self-defense standard is highly subjective, the law does not support this view. Even if the self-defense jury instruction had been given, the jury would have been tasked with "determining whether the defendant acted in a manner in which *a reasonable man* would act in protecting his own life or bodily safety." *Id.*

During trial, evidence was presented that, at the time Esqueda pulled his gun on Macawile, he knew that the suspect had received military training and had been dishonorably discharged from the Army. In addition, he had been informed that Macawile was under the influence of a controlled substance and believe him to be high on Methamphetamine. Esqueda also knew that Macawile had previously lied to Officer Begley, had previously stolen a car, and was on probation. Officer Begley had told Esqueda that Macawile was "probably going to run." 2009 WL 2005259 at *3. The jury also heard evidence that "Esqueda did not conduct a weapons search before pointing a gun at" Macawile. *Id.*

"For his part, Esqueda admitted that he pointed his semiautomatic weapon at Macawile, but testified that he did so to protect himself and Officer Begley, not to gain information." *Id.* "At trial, Esqueda repeatedly denied that he pointed his gun at Macawile to get information. Confronting a person who was trained in self-defense in the military, who was under the influence of a stimulant, and who appeared to be ready to run, Esqueda acted to protect himself and Officer Begley." *Id.* at *4.

> Esqueda told the jury that while Officer Begley was interrogating Macawile, he had noticed that Macawile shifted his stance onto his toes and began glancing toward the street. Macawile's fists were also clenched. Thinking that Macawile was about to fight or flee, Esqueda immediately raised his weapon, pointing it at Macawile's face. He told Macawile not to do anything stupid: "This is not a big fucking deal." All they wanted to know was who was stealing cars, he told Macawile. When Esqueda grabbed Macawile's wrist and put him in a twist lock, his gun accidentally hit Macawile's face. Esqueda holstered his gun and Officer

10

United States District Court
For the Northern District of California

1    Begley handcuffed Macawile. At this point, Esqueda searched Macawile for
      weapons, finding that the man was unarmed.

2    *Id.* (footnote omitted).  "By contrast, Officer Begley testified that he observed nothing about

3    Macawile that raised any safety concern for him." *Id.* at n.8.  "A defense expert testified that, in his

4    opinion, Esqueda's weapon use against Macawile was objectively reasonable to prevent the

5    detainee from fleeing." *Id.* at *5.

6          The Court of Appeal characterized Esqueda's argument to the Superior Court about the

7    evidentiary issue as seeking "to offer evidence about the training he received and the experiences he

8    had had about circumstances—such as a suspect's gestures indicating the possibility of flight or

9    aggression—that he was trained to and had learned to consider when determining the proper

10   amount and type of force to use." *Id.* at *7.  It noted:

11        The trial court repeatedly ruled that Esqueda's assessment of the issue presented
          for the jury to resolve was incorrect.  It found that the jury was required to apply
12        an objective standard when evaluating whether Esqueda used unreasonable or
          excessive force.  Thus, it concluded that his subjective opinion of his need to use
13        force was irrelevant, rending his proffered evidence of his training and experience
          irrelevant as well.
14

15   *Id.*

16         The state Court of Appeal determined that the evidence that was excluded was irrelevant to

17   the elements of the offense.  It remarked that under California law "[t]he reasonableness of the

18   officer's conduct is judged from the perspective of an objectively reasonable officer on the scene."

19   Rejecting the premise that evidence of Esqueda's "subjective view of the circumstances

20   surrounding his encounter with Macawile was relevant to the issue of whether he used reasonable

21   or excessive force," the Court of Appeal "interpret[ed] this standard—as the trial court did—to

22   render irrelevant any evidence of the officer's subjective belief in the reasonableness of his or her

23   use of force." *Id.* at *8.  Although petitioner argues that the evidence is relevant under state law, the

24   Court of Appeal held as a matter of state law that it was not.  "Having found that the trial court

25   properly concluded that an objective—not a subjective—test applied to determine whether

26   Esqueda's use of force was reasonable or excessive, [the Court of Appeal] also f[ou]nd that the trial

27   court acted within its discretion when it excluded the proffered evidence of his training and

28

No. C 10-01787 RS
ORDER DENYING HABEAS PETITION

experience." *Id.* A state court may exclude evidence that is irrelevant under state law. *See Montana v. Egelhoff*, 518 U.S. 37, 43 (1996). The state Court of Appeal's ruling on the state question of relevance is binding on this Court's habeas review. *See Bradshaw*, 546 U.S. at 76.

As detailed above, Esqueda was provided the opportunity to, and did, introduce ample testimony in his own defense as to his perception of the circumstances the night of the crime. The defense expert testified that Esqueda's conduct was reasonable. The state Court of Appeal's conclusion that the evidence of Esqueda's past conduct was irrelevant and the Superior Court's failure to admit it comported with due process was not unreasonable.

## V. CONCLUSION

The petition for a writ of habeas corpus is denied.

IT IS SO ORDERED.

Dated:  9/27/13

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

12

No. C 10-01787 RS
ORDER DENYING HABEAS PETITION